UNITED STATES of America,
Plaintiff—Appellee,

v.

Javier ALCASAR–SANCHEZ,
Defendant—Appellant.

No. 06–50712.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2008.

Filed Feb. 20, 2008.

U.S. Attorneys Office, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Gregory T. Murphy, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: GRABER and BERZON, Circuit Judges, and WILKEN *, District Judge.

## MEMORANDUM **

Javier Alcasar–Sanchez appeals from his sentence of 41 months, the low end of the Guidelines range, imposed after he pled guilty to illegal reentry in violation of 8 U.S.C. § 1326.

1. Alcasar–Sanchez originally argued that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the indictment did not allege the date of his prior deportation and his sentence exceeded two years. He urged that the error was structural and required reversal. At oral argument, however, counsel for Alcasar–Sanchez conceded that this argument was foreclosed by recent precedent. *See United States v. Salazar–Lopez*, 506 F.3d 748, 753–56 (9th Cir.2007) (reviewing such claims for harmless error). Counsel does not argue that the error in this case requires reversal under the harmless error standard.

2. Alcasar–Sanchez argues that the district court erred in refusing to depart downward pursuant to U.S.S.G. § 5K2.13, which authorizes a downward departure for diminished capacity. After *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the scheme of downward and upward departures from Guidelines sentences has been "essentially replaced by the requirement that judges impose a 'reasonable' sentence." *United States v. Mohamed*, 459 F.3d 979, 986 (9th Cir.2006). We thus review Alcasar–Sanchez's challenge to the district court's consideration of his diminished capacity for reasonableness only. *See id.* at 986–87.

3. One aspect of reasonableness review focuses on the procedures used in the district court to determine the sentence. *Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). In particular, "[t]he sentencing judge should set forth enough [of an explanation] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.*

Here, the district court discussed Alcasar–Sanchez's mental health and intellectual capacity, the severity of his prior criminal history, the nature of the present offense, and his family support. The court explained that, in its view, a sentence at the low end of the Guidelines range reflected a balance between Alcasar–San-

---

* The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

chez's severe intellectual limitations and very serious criminal history. The district court also expressly declined to decrease the sentence below the Guidelines range in consideration of Alcasar–Sanchez's mental illness because the mental illness had not contributed to the commission of the offense. We are thus satisfied that the court sufficiently considered the 18 U.S.C. § 3553(a) factors and had a reasoned basis for the sentence imposed.

4. Even if a district court makes no procedural sentencing errors, the reviewing court "consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States,* — U.S. —, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

Alcasar–Sanchez's mental health history and limited intellectual capacity do not render his sentence at the low end of the Guidelines range unreasonable. It is unclear why the district court did not recommend to the Bureau of Prisons that Alcasar–Sanchez's sentence be served at a Federal Medical Center, as the Presentence Report recommended. At oral argument, however, defense counsel acknowledged that he could and would seek such a recommendation from the district court at this time. Although a shorter sentence also would have been permissible, the sentence imposed was not unreasonable.

AFFIRMED.